UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-1143 |
| | § | |
| FRANCISCO PENA-ROSALES | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING MOTION FOR IMMEDIATE DEPORTATION**

Pending before the Court is Defendant Francisco Pena-Rosales' motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255, his supporting memorandum and his motion for immediate deportation. D.E. 49, 50, 51. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules). For the reasons stated herein, the Court dismisses Pena-Rosales' motion to vacate, set aside or correct sentence and denies him a certificate of appealability. The Court also denies his motion for immediate deportation.

## I. PROCEDURAL BACKGROUND

Pena-Rosales was arrested in October 2011, after he was found in the United States near Falfurrias, Brooks County, Texas. D.E. 1. Pena-Rosales admitted he was a citizen of El Salvador and admitted he entered the country illegally a few days earlier. Id. He was arrested for Illegal Reentry. Id.

Pena-Rosales made his initial appearance in federal court the day after his arrest and was appointed counsel. D.E. 4. He was indicted and arraigned. D.E. 8, Minute Entry December 2, 2011. Pena-Rosales subsequently pled guilty pursuant to a plea agreement before a United States Magistrate Judge. D.E. 15, 16, 17. The plea agreement provided that in exchange for his plea of guilty, the government would agree to recommend that Pena-Rosales get maximum credit for acceptance of responsibility and would recommend a sentence within the applicable guideline range. D.E. 17, ¶ 2.

A Presentence Investigation Report (PSR) was prepared. D.E. 20. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Id. at ¶ 12. Pena-Rosales' 2010 conviction for Domestic Assault by Strangulation in Minnesota was considered to be a crime of violence, which increased his offense level by 16 points pursuant to § 2L1.2(b)(1)(A)(ii)[1] of the sentencing guidelines. Id. at ¶ 13. His total offense level was calculated to be 21, after credit for acceptance of responsibility. Id. at ¶¶ 12- 21. Pena-Rosales had 4 criminal history points resulting in application of criminal history category III. Id. at ¶¶ 23-27. The guideline range of imprisonment was calculated to be 46-57 months. Id. at ¶ 39. Counsel filed no objections to the PSR.

Sentencing was held in March 2012. D.E. 36. No objections were made to the PSR. Pena-Rosales confirmed that there were no mistakes in the PSR.[2] Id., pp. 3-4. Counsel requested a low

---

[1] If the defendant previously was deported, or unlawfully remained in the United States, after–

> (A) a conviction for a felony that is; . . . (ii) a crime of violence . . . increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points . . . .

Id.

[2] 8 THE COURT: Have you received a copy of your

end guideline sentence based upon Pena-Rosales' good conduct while on probation for his earlier crime, his minimal criminal record and his work history. Id., pp. 5-6. The government requested a mid-range sentence because Pena-Rosales came back to the United States only four months after his prior deportation. Id., p. 5. The Court sentenced Pena-Rosales to 52 months in the Bureau of Prisons with 3 years supervised release. Judgment was entered on the docket on March 13, 2012. D.E. 26. His counsel filed a timely notice of appeal. D.E. 28.

According to the Fifth Circuit Court of Appeals' docket sheet, counsel filed an Anders Brief and Pena-Rosales filed a supplemental *pro se* brief. The Fifth Circuit dismissed Pena-Rosales' appeal as frivolous by Order dated March 4, 2013. D.E. 48. Pena-Rosales filed a timely

---

9 Presentence Investigation Report, had it for at least 35 days,
10 and had it read to you completely in Spanish?
11 THE DEFENDANT: Yes, Your Honor.
12 THE COURT: Have you read it to him in Spanish,
13 Mr. Jimenez?
14 MR. JIMENEZ: I have, Your Honor.
15 (PAUSE.)
16 THE COURT: Have you discussed this report completely
17 with your attorney, and has he answered all your questions?
18 THE DEFENDANT: Yes, Your Honor.
19 THE COURT: Does he still come to see you in jail and
20 take your phone calls when you need to talk to him?
21 THE DEFENDANT: Yes.
22 THE COURT: Are you still satisfied with the advice
23 and efforts of your attorney?
24 THE DEFENDANT: Yes, Your Honor.
25 THE COURT: Still able to communicate with him
1 completely?
2 THE DEFENDANT: Yes.
3 THE COURT: And there are no objections filed,
4 Mr. Jimenez?
5 MR. JIMENEZ: No, Your Honor, we have no objections.
6 THE COURT: Mr. Thorpe?
7 MR. THORPE: None for the United States, Your Honor.
8 THE COURT: And Mr. Pena-Rosales, are there any
9 mistakes anywhere in this report? This is the time for you to
10 tell me. And you're really best situated to tell me.
11 THE DEFENDANT: No.

motion to vacate, set aside, or correct sentence that was received by the Clerk on October 10, 2013.

## II.  MOVANT'S CLAIMS

Pena-Rosales claims that his counsel was ineffective at sentencing on the grounds that counsel failed to challenge the use of Pena-Rosales prior conviction to enhance his offense level and failed to object to the imposition of three years supervised release. D.E. 49. Pena-Rosales claims his prior conviction for Domestic Assault by Strangulation did not constitute an aggravated felony. Pena-Rosales further complains that his prior deportation was procedurally improper.

## III.  ANALYSIS

A.  **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### B.     Standard for Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### C.     Trial Counsel's Alleged Ineffective Assistance

Pena-Rosales claims that his prior felony conviction for Domestic Assault by Strangulation did not constitute an aggravated felony and counsel should have challenged its use to enhance his offense level. He also claims that counsel failed to object to the Court's assessment of three years supervised release. Pena-Rosales claims counsel's failures at sentencing constituted ineffective assistance of counsel and resulted in a harsher sentence than he

would have otherwise received. Pena-Rosales finally claims that his prior deportation was procedurally faulty.

On appeal, Pena-Rosales' counsel filed an <u>Anders</u> Brief and Pena-Rosales filed a *pro se* brief in which he raised the substantive issues he raises here as ineffective assistance.[3] The Fifth Circuit Court of Appeals dismissed the appeal as frivolous after considering the record and the briefs on file. The Fifth Circuit impliedly held that the substantive issues did not have merit when it dismissed the appeal as frivolous. Issues raised and decided on appeal may not be considered in subsequent post-conviction proceedings. <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

Pena-Rosales now raises these issues as claims that his counsel was ineffective, but the Fifth Circuit's disposed of them as frivolous. The Fifth Circuit's disposition prevents Pena-Rosales from establishing that counsel's failure to raise the issues fell below reasonable professional standards or that Pena-Rosales suffered any prejudice from counsel's failure to raise them.

**D.     Motion for Immediate Deportation**

Pena-Rosales filed a motion for immediate deportation that is addressed to the Department of Homeland Security, but was also filed in this Court. D.E. 51. The Attorney General has some discretion to remove an alien before his sentence is completed, under limited specified circumstances if the alien is "confined pursuant to a final conviction for a nonviolent

---

[3]   Pena-Rosales' *pro se* brief was received by the Fifth Circuit on October 25, 2010. His first issue in the brief was, "Because Mr. Pena-Rosales' Prior Conviction is Not an Aggravated Felony, His Prior Deportation Was Invalid." His second issue was, "Material Error in the Calculation of the Guideline Sentence Demands Reversal." That second argument includes Pena-Rosales' assertion that his prior conviction did not qualify as an aggravated felony.  His brief also addresses his complaint that the imposition of supervised release was improper.

offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title)" and "removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B)(i). Under the pertinent statutory scheme, then, the Attorney General has some limited authority and discretion to order deportation before the completion of the alien's sentence.

Because the decision to seek early deportation under the permissible statutory circumstances lies exclusively with the Attorney General, and because there is no private right of action under the statute,[4] this Court must deny Pena-Rosales motion to the extent he seeks relief in this Court. See, e.g., Martinez-Lopez v. United States, 254 F.3d 70 at *1 (5th Cir., Apr. 23, 2001) (per curiam) (designated unpublished) (affirming district court's denial of motion for immediate deportation); United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir.1998) (criminal alien was without standing to enforce 8 U.S.C. § 1231(a)(4)(B)); Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997) (per curiam) (affirming district court's denial of request for early deportation and holding that no private right of action exists to seek early deportation); United States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997) (a convicted alien has no private right of action to compel the attorney general to deport him); see also Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997) (addressing duty to deport an alien once his criminal sentence has been served).

## V. CERTIFICATE OF APPEALABILITY

---

[4] The statute also expressly states that it does not provide a private cause of action:
> (D) No private right
>> No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4)(D).

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Pena-Rosales has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Pena-Rosales is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Pena-Rosales' § 2255 motion (D.E. 49) is DISMISSED WITH PREJUDICE pursuant to Rule 4(b) of the 2255 Rules and he is DENIED a Certificate of Appealability. His motion for immediate deportation (D.E. 51) is also DENIED.

SIGNED and ORDERED this 6th day of January, 2014.

_____
Janis Graham Jack
Senior United States District Judge